IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

QUINCETTA CARGILL,                    )
Reg. No. 19088-001,                   )
                                      )
          Plaintiff,                  )
                                      )
v.                                    )        CIVIL ACTION NO.
                                      )        2:21-CV-285-WHA-CSC
U.S. MARSHALS, *et al.*,              )
                                      )
Defendants.                           )

## ORDER

Plaintiff, an inmate at the Montgomery County Detention Facility, applied for leave to proceed *in forma pauperis* in this civil action. Doc. # 2. Under the provisions of 28 U.S.C. § 1915(b)(1), a prisoner who seeks to proceed *in forma pauperis* in a civil action or on appeal must pay the full filing fee. However, where an inmate lacks the funds necessary to pay the full filing fee upon initiation of the civil action or appeal and has money available to her, the Court will assess and collect an initial partial filing fee.

Plaintiff submitted financial information from the jail that provides the Court with information necessary to determine the average monthly deposits to and average monthly balance of Plaintiff's inmate account before filing this complaint. Doc. # 2. A review of this information reveals that Plaintiff lacks the funds necessary to pay the $350.00 filing fee. Nevertheless, the documents establish that for the requisite period immediately preceding the filing of the instant complaint the average monthly deposits to Plaintiff's jail account were $49.10. Such amount is greater than the average monthly balance of

Plaintiff's account over this time period. Thus, under 28 U.S.C. § 1915(b)(1)(A), Plaintiff must pay an initial partial filing fee of $9.82.

Accordingly, it is

ORDERED that by **May 6, 2021,** Plaintiff shall forward to the Clerk of this Court the sum of $9.82 as an initial partial filing fee. Plaintiff is advised that it is her responsibility to submit the appropriate paperwork to the jail's account clerk for transmission of such funds to the Court for payment of the initial partial filing fee. If the funds have been since the filing of this case been dispersed from Plaintiff's jail account and are not now available to her, Plaintiff must make arrangements for payment of the requisite filing fee upon receipt of additional funds in her jail account.

In accordance with the provisions of 28 U.S.C. § 1915(b)(2), it is

ORDERED that:

1. Plaintiff shall make monthly payments of 20 percent of each preceding month's income and/or funds credited to her account as payments towards the $350.00 filing fee.

2. Those persons having custody of Plaintiff shall forward the 20-percent payments described in the above paragraph from Plaintiff's account to the clerk of this court each time the amount in Plaintiff's account exceeds $10.00 until the $350.00 filing fee is paid in full. *Id.*

To aid Plaintiff and those persons having custody of Plaintiff in complying with the requirements of this Order, the clerk is DIRECTED to furnish a copy of this Order to the inmate account clerk at the Montgomery County Detention Facility. **The account clerk is**

**advised that no funds may be taken from Plaintiff's account for payment of the $9.82 initial partial filing fee without permission of Plaintiff either by her request for payment of such by the account clerk or her written agreement to pay the fee.**

It is further

ORDERED that except to the extent payment of the filing fee is required by this Order in accordance with the provisions of 28 U.S.C. § 1915(b)(1) and (2), Plaintiff is GRANTED leave to proceed *in forma pauperis* in this case.

Plaintiff is cautioned that if she fails to pay the initial partial filing fee in compliance with this Order, the Magistrate Judge will recommend that this case be dismissed, and such dismissal will not be reconsidered unless exceptional circumstances exist. Plaintiff is advised that if she is unable to procure the initial partial filing fee within the time allowed by this Court, she must inform the Court of such inability and request an extension of time within which to file the fee. **Plaintiff is further advised that if this case is dismissed for failure to pay the initial partial filing fee OR for any other reason, she remains obligated to pay the $350.00 filing fee.** The filing fee will be collected from any funds that become available to Plaintiff and will be forwarded to the Court by those persons having custody of Plaintiff pursuant to the directives in this Order. **Moreover, Plaintiff is informed that, notwithstanding payment of the initial partial filing fee, the Court will dismiss this case or claims therein prior to service of process if the Court determines that the claim is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief**

**in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(i), (ii) and (iii). Accordingly, if Plaintiff does not wish to proceed with this case, she may seek dismissal of the case and request that no filing fee be collected.**

Additionally, Plaintiff is advised that if she files a notice of appeal, she will likewise be required to pay the requisite appellate filing fee, which is currently $505.00. Thus, if at the time Plaintiff files a notice of appeal she has the necessary funds to pay the $505.00 filing fee, she must submit such amount to the Court with the notice of appeal. If the requisite funds are not available and Plaintiff seeks to proceed *in forma pauperis* on her appeal, she must complete an affidavit in support of such request and supply the Court with a certified copy of her jail or prison account statement for the six-month period preceding the filing of the appeal. Plaintiff is informed that regardless of this court's determination on her *in forma pauperis* motion, the entire appellate filing fee may be collected from those persons having custody of her from funds available in her prison account in a manner similar to that outlined in this Order.

It is further ORDERED that Plaintiff shall immediately inform the Court and Defendants of any change in her address. Plaintiff is advised that failure to provide a correct address to the Court within ten (10) days following any change of address will result in the dismissal of this action.

DONE this 16th day of April, 2021.

/s/ Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE